## STATE *v.* GEORGE PIERPONT.

1. *Constitutional Law—Statute Law—Fornication.*

Section 5, chap. 7, Sess. Laws 1892, being a part of the act of the legislature of the territory of Utah, approved February 4, 1892, respecting polygamy, adultery, fornication, and other offenses, is not in conflict with any act of congress, and was a valid law of the territory when enacted; and by virtue of section 2, art. 24, of the state constitution, the law was continued in force under the state government until altered or repealed by the legislature.    Under the provisions of section 5 of that act, fornication became a crime against the laws of the state.

2. *Same—Magistrate—Authority to Commit Prisoner.*

Under section 13, art. 1, Const., and chapter 23, Sess. Laws 1896, a magistrate has authority to examine and commit a prisoner who is charged with the commission of an offense to answer the charge in the proper court.

ZANE, C. J., dissenting.

(Decided April 5, 1898.)

Appeal from the Third district court.    A. G. Norrell, *Judge.*

George Pierpont was convicted of fornication, and appeals.    *Affirmed.*

*E. A. Wilson,* for appellant.

*A. C. Bishop, Atty. Gen.,* and *Benner X. Smith, Asst. Atty. Gen.,* for the state.

BARTCH, J.:

The defendant was prosecuted for and convicted of the crime of fornication.    Upon being sentenced to pay a fine, he appealed to this court.    It appears from the record that, after his arraignment, the appellant

demurred to the information on the grounds that the facts stated therein constituted no public offense, and that the court had no jurisdiction to try the case for the reason that the committing magistrate, who bound the defendant over to answer the charge, had no authority to inquire into the alleged offense. After conviction, a motion in arrest of judgment was made on the first ground of the demurrer. The demurrer was overruled, the motion denied, and the action of the court, in each instance, is assigned as error. The prisoner was prosecuted pursuant to chapter 7, p. 5, Sess. Laws 1892, section 5 of which provides "that if an unmarried man or woman commits fornication, each of them shall be punished by imprisonment in the county jail not exceeding six months, or by a fine not exceeding one hundred dollars." This provision prescribes the punishment for the offense of fornication, and is the same as section 5 of the Edmunds-Tucker law, except that the section of the Edmunds-Tucker law does not contain the phrase, "in the county jail." The decisive questions raised by the demurrer and motion in arrest of judgment are: First, Was the act of 1892, especially section 5 thereof, a valid enactment? Second, Was that act, by virtue of section 2, art. 24, Const., continued in force, under the state government, until altered or repealed by the legislature?

These questions are substantially the same as were presented in the case of State v. Norman, 16 Utah, 457. The same act and constitutional provision was there under consideration, although the prisoner in that case was prosecuted under section 3 of the act. We therein decided both questions in the affirmative, and, on the authority of that case, we decide the questions above set forth the same way, and refer to the opinion therein for an expression of our views herein.

The contention that the magistrate had no authority to examine and commit the defendant to answer the charge is not well founded. Such authority is conferred by section 13, art. 1, Const., and chapter 23, p. 98, Sess. Laws 1896. Nor can the fact that the act of 1892 fails specifically to define "fornication" avail the appellant. The meaning of that term is well understood and settled in legal parlance. We find no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.